IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | )<br>) CR No. 9-187 |
| v. | ) CV No. 11-1569 |
| ROBERT ALLEN SMITH | |

# OPINION AND ORDER

## SYNOPSIS

In this action, Defendant pleaded guilty to one count of violating 21 U.S.C. § 846, and was sentenced on December 16, 2012. Presently before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, in which he asserts that he did not receive a three-point reduction for acceptance of responsibility, as promised by his plea agreement, but instead received only a two-point reduction. He also argues that counsel was ineffective for failing to file an appeal. The Government asserts that the Court did in fact apply the three-point reduction, and also asserts that Defendant, when pleading guilty, waived his right to collateral attack. Subsequent to filing his Motion, Defendant filed an Affidavit and a "Motion for Strict Adherence to the Rule(s) of Criminal Procedures & Section 2255," which, <u>inter alia</u>, denies that he waived his collateral attack rights.

For the following reasons, Defendant's Motions will be denied.

## OPINION

### I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete

1

miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 93 Fed. Appx. 402, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Moreover, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motions according to these standards.

## II. DEFENDANT'S MOTION

The Government contends Defendant has waived the right to file his Section 2255 Motion. Defendant and his counsel both signed a plea letter that contained the following language:

> Robert Allen Smith, Jr. waives the right to take a direct appeal from his conviction or sentence..., subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, Robert Allen Smith, Jr. may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Robert Allen Smith, Jr. may take a direct appeal from the sentence.
>
> Robert Allen Smith, Jr. further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

Defendant and his counsel signed the following statement, which is appended to the plea agreement:

> I have received this letter from my attorney..., have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the [Government]. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

The plea letter further provides that prior to sentencing, the Government would move for a three-level reduction of Defendant's offense level, for acceptance of responsibility.

Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver itself, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS 23884 at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

Presently, Defendant does not make any substantive claim that relates to the negotiation of the waiver at issue, or the effectiveness of counsel with respect to the waiver, and he only cursorily avers that the waiver was unknowing or involuntary. In support of that proposition, he avers only that he has no recollection of waiving his appeal and collateral attack rights.

In this case, after the Court established that Defendant had no difficulty reading, writing, or understanding the English language, and that counsel had not encountered problems communicating with Defendant, the following exchange occurred:

> COURT: Now, do you understand that ordinarily, you or the government may have the right to appeal any sentence that I impose? Do you understand that?
>
> DEFENDANT: Yes, Your Honor.
>
> COURT: However, I note that in all three plea agreements, each of you have agreed that you would give up your right to take a direct appeal from your conviction or sentence subject to three very narrow exceptions….
> So, do you understand that you are, by the agreements you arrived at with the government, giving up the right to appeal both the validity of your plea of guilty and the legality of your sentence to three very narrow exceptions. If the government appeals, you can appeal. If my sentence exceeds the maximum statutory limits, you can appeal. And finally, if my sentence unreasonably exceeds the advisory guideline range I find applies to your case, then you can appeal. Do you understand that, Mr. Smith?
>
> DEFENDANT: Yes, Your Honor.
>
> COURT: Further, you have given up the right to collaterally attack your conviction and sentence. You have given up a motion to have a right to file any other collateral proceeding attacking your conviction or sentence. Do you understand that, Mr. Smith?
>
> DEFENDANT: Yes.

Similarly, at the Change of Plea hearing, counsel for the Government stated, on the record, the terms of Defendant's plea.

> GOVERNMENT COUNSEL: …[Defendant] waives his right to take a direct appeal except under very narrow circumstances as outlined in the plea agreement. He waives his right to file a 2255 motion or any collateral attack on his plea or sentence.
> ***
>
> COURT: Now, Mr. Smith, you heard what [Government counsel] just said, did you not?
>
> DEFENDANT: Yes, Your Honor.
>
> COURT: Did you understand?

DEFENDANT: Yes, Your Honor.

COURT: Did you have an opportunity to discuss this plea agreement with [defense counsel]?

DEFENDANT: Yes, Your Honor.

COURT: Does what [Government counsel] said correctly describe the agreement that you arrived at with the Government?

DEFENDANT: Yes, Your Honor.

In assessing the record, I am mindful that "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, No. 04-1570, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008). Given Defendant's sworn, in-court answers during the plea colloquy, in addition to the terms of his written, signed plea agreement, I conclude that Defendant has waived his right to bring the present habeas petition. Likewise, because Defendant waived his right to take an appeal, counsel cannot have been ineffective for failing to take an appeal. Under the circumstances, Defendant's cursory averments are insufficient to entitle him to habeas relief.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, Defendant has waived his right to collateral attack and appeal, and his Motions must be denied. No certificate of appealability shall issue. An appropriate Order follows.

**ORDER**

AND NOW, this 31st day of May, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions [103] [114] are DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court